UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:17-CV-116 |
| | § | |
| RONALD W. ARMSTRONG, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER GRANTING THE UNITED STATES'**
**MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY**

On July 2, 2018, this Court issued its Order (Doc. 70) ("July 2018 Order") granting in part and denying in part the United States' Motion for Summary Judgment against Ronald and Lynda Armstrong, and denying Defendants' Motion for Summary Judgment. The Court has reconsidered its ruling in light of the parties' Joint Pretrial Order, filed on August 17, 2018 (Doc. 84) ("Joint Pretrial Order" or "JPO"), and, based on Federal Rule of Civil Procedure 54(b), issues this Order granting the United States' Motion for Summary Judgment (Doc. 58) against Ronald Armstrong as to his liability.[1]

**I. Background and Factual Summary**

As delineated in the July 2018 Order, the United States in this case seeks to reduce to judgment the alleged liabilities owed by Mr. Armstrong in penalties and interest related to his tax liabilities for 2003 and 2004. No party disputes that Mr. Armstrong has paid the taxes he owed for those two years. Rather, this lawsuit concerns $328,598.66 that the United States contends Mr. Armstrong owes in penalties and interest, based on his late payment of the underlying tax liability for 2003 and 2004.

---

[1] This Order does not alter the July 2018 Order with respect to the Defendants' Motion for Summary Judgment. That motion remains denied. Additionally, the Court has stayed this lawsuit as against Lynda Armstrong. *See* Order (Doc. 89). As a result, this Order only applies as to the claims against Mr. Armstrong.

1 / 8

The Court's July 2018 Order contains a factual summary that remains accurate. For convenience, the Court repeats that factual summary, and then notes the new developments since the July 2018 Order.

### A. Factual Summary

On June 18, 2007, Ronald and Lynda Armstrong filed a Joint Form 1040 U.S. Individual Income Tax Return for tax year 2003. *See* Doc. 37, Ex. 1, at 2, 52–61. The Armstrongs reported a tax due of $74,007, with a credit of $1,639 from income tax withholdings. *Id.* According to Internal Revenue Service ("IRS") records, no payment was remitted with the 2003 tax return. *Id.* That same day, the IRS assessed the Armstrongs with the amount of taxes listed on their tax return along with statutory penalties and interest. *Id.* at 27. Between the assessment and the filing of this lawsuit, the Armstrongs have paid at least $73,368.11 to the IRS. Doc. 59, Ex. 1, at 2, 18, 25. The United States acknowledges that these payments were sufficient to cover the underlying tax liability for tax year 2003, but it claims the Armstrongs have not remitted payment, and still owe the United States, for the assessed statutory penalties and interest. *See* Doc. 59, Ex. 2, at 2, 4.

On June 11, 2007, Ronald and Lynda Armstrong filed a Joint Form 1040 U.S. Individual Income Tax Return for tax year 2004. *See* Doc. 37, Ex. 1, at 2–3, 62–80. The Armstrongs reported a tax due of $165,936, with a credit of $1,380 from income tax withholdings. *Id.* According to IRS records, no payment was remitted with the 2004 tax return. *Id.* That same day, the IRS assessed the Armstrongs with the amount of taxes listed on their tax return along with statutory penalties and interest. *Id.* at 37. Between the date of the assessment and the filing of this lawsuit, the Armstrongs have paid at least $159,764.083 to the IRS. Doc. 59, Ex. 1, at 2–3, 18, 26. The United States acknowledges that these payments, along with tax withholdings and

certain credits, were sufficient to cover the underlying tax liability for tax year 2004. It claims, however, that the Armstrongs have not remitted payment, and still owe the United States, for the assessed statutory penalties and interest. *See* Doc. 59, Ex. 2, at 2, 5.

The IRS recorded a first Notice of Federal Tax Lien for the Armstrongs' 2003 and 2004 tax liabilities on September 4, 2007, in the Cameron County Public Records. Doc. 59, Ex. 1, at 2, 5–7. Allegedly by mistake, the IRS filed a Form 668 Certificate of Release of Federal Tax Lien relating to the Armstrongs' 2003 and 2004 tax liabilities on July 13, 2017, in the Cameron County Public Records. Doc. 37, Ex. 1, at 6. The Certificate of Release certifies that the taxpayer "has satisfied the taxes listed below *and all statutory additions*." Doc. 28, Ex. 8, at 2 (emphasis added). On November 14, 2017, the IRS recorded a Revocation of Certificates of Release of Federal Tax Liens relating to the Armstrongs' 2003 and 2004 tax liabilities in the Cameron County Public Records. Doc. 37, Ex. 1, at 7. The form suggests two different reasons for the revocation. The first page certifies that the Certificate of Release was mistakenly issued, but the second page indicates that the reason for the revocation was that "Notice of Federal Tax Lien was not refiled timely." Also on the second page is a checkbox that would allow one to indicate that the "Federal Tax Lien [was] released in error." *Id*. at 100–01. That checkbox is unmarked on the form. *Id*.

### B. New Developments

On August 17, 2018, the parties filed their Joint Pretrial Order (Doc. 84), which contains the following Admissions of Fact:

> 13. As of March 12, 2018, the following amounts of assessed taxes, penalties and interest remain unpaid for 2003 and 2004:
>
> | Tax Year | Tax Owed | Penalties Owed | Interest Owed | Total Owed |
> |---|---|---|---|---|
> | 2003 | $0 | $32,197.41 | $64,003.78 | $96,201.19 |
> | 2004 | $0 | $154,702.51 | $77,694.96 | $232,397.47 |
> | Total: | $0 | $186,899.92 | $141,698.74 | $328,598.66 |

JPO (Doc. 84) at 8.

**II. Analysis**

In light of the Joint Pretrial Order, and based on Federal Rule of Civil Procedure 54(b), the Court reconsiders its previous ruling and issues this Order granting the United States' Motion for Summary Judgment against Ronald Armstrong. The Motion as against Lynda Armstrong is stayed.

### A. As a matter of law, Mr. Armstrong has not paid $328,598.66 in penalties and interest for tax years 2003 and 2004.

In this lawsuit, the United States contends Mr. Armstrong owed and paid $232,812.27 in tax liability for 2003 and 2004. *See* JPO (Doc. 84) at ¶ 5. Due to Mr. Armstrong's late payment of that liability, the United States assessed penalties and interest totaling $328,598.66.[2]

In its July 2018 Order, this Court found that a fact issue existed whether the taxes, penalties, and interest for the years in dispute "have been paid" – i.e., whether Mr. Armstrong had "satisfied [his] tax penalties and interest." July 2018 Order (Doc. 70) at 6, 7. When the Court issued the July 2018 Order, and for the reasons indicated in that ruling, the Certificates of Release that the United States filed represented some evidence, for summary judgment purposes, that Mr. Armstrong had in fact paid all the tax penalties and interest he owed the United States for tax years 2003 and 2004.

The Joint Pretrial Order removes any doubt on this issue. The parties now represent to the Court as an Admission of Fact requiring no proof at trial, that as of March 12, 2018, for the tax years of 2003 and 2004, a total of $328,598.66 in penalties and interest "remain[s] unpaid."

---

[2] The summary judgment evidence includes Certificates of Assessment (Forms 4340) for tax years 2003 and 2004. These Certificates of Assessment establish the amounts owed by a taxpayer. *Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002). While Mr. Armstrong argues that the Certificates of Assessment by themselves do not represent sufficient summary judgment evidence to establish tax liability, *see* Response (Doc. 62) at ¶ 8, courts have accepted the Form 4340 as conclusive summary judgment evidence on the issue. *See, e.g.*, *Perez v. United States*, 312 F.3d at 195; *United States v. Burnett,* 452 F. App'x 569, 570 (5th Cir. 2011).

JPO (Doc. 84) at ¶ 13. Mr. Armstrong admits he has never paid these owed amounts. At trial, the Admissions of Fact in the Joint Pretrial Order bar Mr. Armstrong from offering evidence or arguing that he paid the penalties and interest at issue. *See Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998) ("It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial.").

Consistent with this admission, in the list of Contested Issues of Fact, the parties do not include whether Mr. Armstrong paid the penalties and interest, but whether "the Armstrongs *owe* the IRS Form 1040 interest and penalties for tax years 2003 and 2004." JPO (Doc. 84) at ¶ 9 (emphasis added). Mr. Armstrong contends that the Certificates of Release had the effect of releasing and extinguishing the claims for penalties and interest. In other words, Mr. Armstrong admits he has never paid the $328,598.66, but intends at trial to demonstrate that the Certificates of Release released him from owing that amount to the United States.

As a result, conclusive evidence exists that Mr. Armstrong has not paid the $328,598.66. Based on this finding, the Court turns now to whether any fact issue remains that could absolve Mr. Armstrong from having to pay the assessed penalties and interest.

> **B. As a matter of law, the Certificates of Release did not release the liability that Mr. Armstrong owed in penalties and interest for tax years 2003 and 2004.**

When the IRS assesses federal tax liability, the assessment establishes a federal tax lien against the taxpayer's property and rights to property. 26 U.S.C. § 6321; *see also* 26 C.F.R. § 301.6321-1 (the tax lien "attaches to all property and rights to property belonging to such person at any time during the period of the lien, including any property or rights to property acquired by such person after the lien arises"). The tax lien attaches upon assessment, whether or not the

United States has recorded the lien or provided notice of the lien. *See Don King Prods. v. Thomas*, 945 F.2d 529, 533 (2d Cir. 1991). The United States can record a Notice of Federal Tax Lien to gain priority for the lien over most third-party lienholders. *See, e.g., United States v. Equitable Life Assur. Soc. of U.S.*, 384 U.S. 323, 325 (1966).

The United States can file a Certificate of Release of Federal Tax Lien ("Certificate of Release"), which has the effect of releasing the lien on the identified taxpayer's property. A Certificate of Release, however, does not affect the underlying liability for unpaid taxes, penalties, and/or interest. *See United States v. Qurashi*, 2004 U.S. Dist. LEXIS 13414, *4, 2004-2 U.S. Tax Cas. (CCH) P50, 362, 94 A.F.T.R.2d (RIA) 2004-5190, 17 Fla. L. Weekly Fed. D 1021 (and cases cited therein). The filing merely releases the lien that existed in regards to such a liability. *Id*.

In this case, in June of 2007, the United States assessed tax liability against the Armstrongs for tax years 2003 and 2004. *See* Complaint (Doc. 51) at ¶ 12; Certificate of Assessment (Doc. 37-1, Exh. B). By law, this assessment created federal tax liens against the Armstrong's property. *See* 26 U.S.C. § 6321. On September 4, 2007, the IRS filed a Notice of Federal Tax Lien to establish priority over most other third-party lienholders. Complaint (Doc. 51) at ¶ 21.

Several years later, on July 13, 2017, the IRS filed a Certificate of Release related to the Armstrong's liabilities for tax years 2003 and 2004. Doc. 37-1 at ¶ 15. At the moment of filing, the Certificates of Release extinguished the liens on the Armstrong's property, but did not legally affect Mr. Armstrong's liabilities for unpaid taxes, penalties, and/or interest.[3] Mr. Armstrong

---

[3] At best, the Certificates of Release, based on the reasons indicated on the Certificates of Release themselves, represented some evidence that Mr. Armstrong had actually paid the owed penalties and interest, and that such payment had motivated the filing of the Certificates of Release. The issue of non-payment now stands resolved: Mr. Armstrong has not satisfied that liability.

cannot successfully rely on the Certificates of Release to defeat summary judgment as to payment of the assessed amounts.

### C. Mr. Armstrong's affirmative defenses do not raise a fact issue.

Mr. Armstrong relies on the affirmative defenses of waiver and estoppel, and of payment and satisfaction, to counter the United States' lawsuit. For the following reasons, the Court finds that Mr. Armstrong, as a matter of law, cannot rely on these affirmative defenses to create a fact issue.

In response to the Motion for Summary Judgment, Mr. Armstrong does not address waiver and estoppel, and with respect to the affirmative defense of payment and satisfaction, he relies solely on the Certificates of Release as evidence allegedly creating a fact issue. *See* Defendants' Response (Doc. 62) at 5–6. These documents, however, merely release a lien the United States may possess against an individual's property, and only affect the United States' right to foreclose on the taxpayer's property in satisfaction of a liability. The Certificates of Release do not represent some evidence of waiver and estoppel, and in the present case, no longer represent some evidence of actual payment. As Mr. Armstrong has not proffered any other competent summary judgment evidence to support his affirmative defenses, he cannot rely on these affirmative defenses to defeat summary judgment in the United States' favor. *See First City, Texas-Beaumont, N.A. v. Treece*, 848 F. Supp. 727, 735 (E.D. Tex. 1994) (citing *Ocean Energy II, Inc. v. Alexander & Alexander, Inc.*, 868 F.2d 740, 747 (5th Cir. 1989)) (movant may be granted summary judgment when there is a lack of evidence to support non-movant's affirmative defenses).

### III. Conclusion

Accordingly, it is:

ORDERED that the United States' Motion for Summary Judgment (Doc. 58) against Ronald Armstrong is GRANTED;

ORDERED that judgment is entered in favor of the United States and against Ronald Armstrong for the amount of $328,598.66, as of March 12, 2018, plus prejudgment and post judgment interest on that amount at the rates set forth in 26 U.S.C. §§ 6601, 6621, and 28 U.S.C. § 1961(c) until paid, for the Form 1040 tax periods and in the following amounts:

| Tax Year | Tax Owed | Penalties Owed | Interest Owed | Total Owed |
| --- | --- | --- | --- | --- |
| 2003 | $0 | $32,197.41 | $64,003.78 | $96,201.19 |
| 2004 | $0 | $154,702.51 | $77,694.96 | $232,397.47 |
| Total: | $0 | $186,899.92 | $141,698.74 | $328,598.66 |

and ORDERED that the United States' Motion for Reconsideration of the Order on the Cross Motions for Summary Judgment (Doc. 77) is DENIED as moot.

SIGNED this 31st day of August, 2018.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge